WILLIAM G. BROOKS *vs.* JOHN F. REYNOLDS & another.

Suffolk. November 14, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Bail. Bond. Scire Facias. Arrest. Execution.*

A woman who has been arrested on mesne process in an action of tort and has given a bail bond conditioned to abide final judgment and "not avoid," after judgment has been obtained against her and execution has issued thereon with no *capias* clause, is bound to present herself where demand for the judgment debt can be made upon her, so that if she fails to pay the debt the judgment creditor may proceed against her by petition for her examination, and if after diligent search she cannot be found for the purpose of such a demand it is an avoidance and a breach of her bond.

*Scire facias* under R. L. c. 169, §§ 7, 8, is a proper remedy for the breach of a bail bond given by a woman arrested on mesne process in an action of tort, although there also is a remedy by an action of contract under R. L. c. 168, § 66.

SCIRE FACIAS on a bail bond dated March 6, 1901, executed by Maude Poole as principal and by John F. Reynolds and John F. Canning as sureties. Writ dated April 16, 1906.

The condition of the bond sued upon was as follows :

"The condition of this obligation is such that whereas the body of the above bounden Maude Poole is taken by force of a writ or process bearing date 4th day of March A. D. 1901, wherein William Gray Brooks is plaintiff, and the said Maude Poole of Detroit in the State of Michigan, commorant in Boston in the County of Suffolk, is defendant, returnable before the Justices of our Superior Court to be holden in Boston within and for our said County of Suffolk on the first Monday of April next, to answer unto the said William Gray Brooks, to be heard and tried at our said Court as by the return of said writ of process will appear.

"If, therefore, the above bounden Maude Poole shall appear before the said Justices of said Court as aforesaid to answer to said William Gray Brooks in the action aforesaid and shall abide the final judgment thereon, and shall not avoid, then the above written obligation shall be null; otherwise it shall remain in full force and virtue."

At the trial in the Superior Court before *Hitchcock*, J., where the case was defended by the defendant Canning alone, the facts appeared which are stated in the opinion.  The defendant Canning asked for seven rulings, all of which were refused by the judge, particularly the first and seventh, which were that upon all the evidence the plaintiff could not recover, and that upon all the evidence the defendant was entitled to a verdict.  The judge ordered a verdict for the plaintiff; and the defendant Canning alleged exceptions.

The case was submitted on briefs.

*C. E. Eldredge*, for the defendant Canning.

*T. J. Gargan, P. M. Keating, & S. C. Brakett*, for the plaintiff.

HAMMOND, J.   This is an action of *scire facias* against the sureties on a bail bond for one Maude Poole, a woman, who was arrested upon mesne process in an action of tort.   In that action the plaintiff obtained judgment against her, execution was issued thereon in which there was no *capias* clause, and upon which the officer returned that he had made diligent search for the " within named Maude Poole and for the goods chattels or lands of the within named judgment debtor Maude Poole upon which " he " might levy," and that he had been unable to find either.   This is a return that he was unable to find either the debtor or any property.   The first question is whether there has been a breach of the bond.

The defendant Canning, upon whose exceptions the case is before us, contends that there can be no breach of a bail bond until there has been a return of *non est inventus*, and that since there can be no capias clause in an execution against a woman, there never can be any such return; and hence the bail bond given by a woman rightfully arrested never can be enforced.  His position is thus stated in his brief: " And while this may seem strange, yet upon a careful reading and examination of the authorities and the history of the legislation relating to the arrest of women, bail, *scire facias* and the like, it appears conclusive that no avoidance of the principal can be shown, inasmuch as in the case at bar no execution issued running against her body, and that the statutes do not provide for charging bail in cases of women."   In other words, while there is a right to arrest a woman on mesne process in an action of tort, and

while her rights and those of the plaintiff as to the manner of giving bail are carefully prescribed by the statutes, still, after the bail bond is properly executed, there is no way of charging the bail; the bond, so far as protecting the plaintiff, for whose security it is given, and binding the defendant, for whose relief it is given, is a mere nullity. When a conclusion like that is reached, one begins to distrust the line of reasoning leading to it and thinks of testing the matter by what is called common sense.

The investigation calls for an examination of the remedies given by the statutes to judgment creditors against a female judgment debtor. The process for the satisfaction of an execution against a man is different from that against a woman. Under certain circumstances which are fully set out in the statutes, a man can be arrested upon an execution, but a woman never can be. No execution against a woman can properly contain an order to arrest, and should such an order be inserted no officer could legally obey it. She is to be reached, if at all, by a different process. The process provided at the time this bail bond was given is set forth in Pub. Sts. c. 162, §§ 6–15, both inclusive, and substantially re-enacted, so far as material to this case, in R. L. c. 168, §§ 6–15, both inclusive. Under these statutes " the judgment creditor in an execution issued against a woman upon a judgment for twenty dollars or more exclusive of costs . . . may cause payment thereof to be demanded of her by an officer qualified to serve such execution ; and if upon such demand she fails to pay it or to expose sufficient property to be taken by such officer to satisfy it, the officer shall, upon request of the judgment creditor, make a return of his doings upon said execution." It is provided that " After such demand the judgment creditor . . . may . . . file [in the proper court] a petition under oath, with a copy of the execution and the return of the officer thereon, stating the fact of such judgment and demand and alleging that he believes that she has property, not exempt from attachment, which she refuses to apply in payment of said execution, or to expose the same so that it may be taken thereon, and asking that a citation may issue, requiring her to appear . . . and submit to an examination relative to her property."

Upon proceedings under this petition she may be fully examined as to her property, and may be ordered, either by exposure of the same or by conveyance, to apply it to the satisfaction of the execution; and upon her failure to comply with any such order she may be committed by the court " as for a contempt, until she complies with such order or is otherwise discharged according to law." R. L. c. 168, §§ 7–15, both inclusive. In this way the statutes provide a very efficient remedy for the satisfaction of a judgment rendered against a woman who is able to pay. It is to be observed, however, that, whereas in a proceeding under the poor debtor laws against a man the arrest is made under the execution, in these proceedings against a woman no arrest is made upon the execution, but the committal if any is by order of the court founded upon the petition, and it is in the nature of a proceeding for contempt for not complying with the order.

There are several essential preliminaries to these proceedings by petition, among which is the requirement that the judgment creditor must have caused payment thereof to be demanded of the judgment debtor by an officer qualified to serve the execution. It is only after such a demand that the creditor can file his petition for the examination of the debtor. The demand must be made upon her in person. If the officer cannot find her, then of course the demand cannot be made. In the present case it appears by the return that the officer has made diligent search for the judgment debtor and cannot find her.

The condition of the bond was that the defendant named in the original writ should "abide the final judgment thereon, and . . . not avoid." Although the defendant could not have been arrested upon the execution even if she had presented herself, yet the demand could have been made upon her and it was her duty to be where such a demand could be made. It was the only act requiring her personal presence to which the judgment creditor was entitled. Her failure to present herself, or to be where after diligent search she could be found for the purpose of such a demand, is an avoidance and a breach of the bond.

Now what is the remedy? There is a remedy under R. L. c. 168, § 66, by an action of contract. We think also that there is a remedy by way of *scire facias* under R. L. c. 169. While the

provisions of that chapter seem to be applicable more generally to cases where, after judgment, the right to arrest and hold a debtor continues for the purpose of taking the body to satisfy the execution, and while a female judgment debtor cannot be held for such a purpose, still we think the bail bond must be held to be intended to secure her personal presence after judgment, so far at least as to enable the demand to be made which is required before proceedings for her examination under R. L. c. 168, above stated. By the bail bond she has been released from arrest. If before judgment in the original action she should be legally surrendered into court by her bail, we have no doubt that she could be held to new bail in the same way in which she was held upon the original bail. And if she be surrendered after judgment, we have no doubt that while she could not be committed to jail so as to be taken on execution (see R. L. c. 169, § 10), yet unless released by new bail or otherwise she could be held, as under the original arrest (if not bailed or not released on recognizance), a reasonable time for a demand to be made upon her. If her physical presence is required for any service of the execution which can be made and which is essential to the right of the judgment creditor to proceed by petition under the statute for her examination, then he is entitled to such presence. To that extent at least the bond secures the creditor, and if there be a breach in that respect the writ of *scire facias* is applicable. If she be personally present, then the demand can be made upon her and the sureties are not further bound. If she be not personally present so that a demand can be made, then there is a breach, and *scire facias* will lie upon the bond, with the right in the sureties, under R. L. c. 169, § 9, to exonerate themselves by surrendering their principal in court before final judgment on the *scire facias,* and by paying costs.

*Exceptions overruled.*